IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRECIOUS JONES, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TCSC ACQUISITION, LLC d/b/a/ THE CARGO SECURITY COMPANY, INC., <br><br> Defendant. | Case No. 21-cv-354 |

## CLASS ACTION COMPLAINT

Plaintiff Precious Jones, on behalf of herself and a putative class, brings this Class Action Complaint against Defendant TCSC Acquisition, LLC d/b/a The Cargo Security Company, Inc. ("TCSC"), for their violation of the Illinois Biometric Privacy Act, and alleges the following:

### NATURE OF THE ACTION

1. When employees are hired at TCSC, they have their fingerprints scanned into one of its biometric time clocks.

2. Each day the employees press their finger into the time clock to "punch" in and out, so that TCSC may record its employees' arrival, departure, and break times.

3. The use of biometric time clocks in the workplace entails serious risks. Unlike key fobs, identification cards, or identification codes or pins —which can be changed or replaced if stolen or compromised— fingerprints are permanent, unique biometric identifiers associated with the employee forever. Whereas other security measures that may be misplaced or stolen can be

deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4. Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as fingerprints.

5. TCSC violated its employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

## PARTIES

6. Plaintiff Precious Jones is a natural person and resident of this district, and a former employee of TCSC.

7. TCSC is a Delaware LLC that operates a cargo security company. It's principal office is at 9130 S Dadeland Blvd, Ste 1801 Miami, Fl 33156.

8. None of its owners are Illinois citizens.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

10. The parties are all completely diverse: Precious Jones is a citizen of Illinois. TCSC is a Delaware LLC, and none of its owners are Illinois citizens.

11. An individual may recover between $1,000 and $5,000 in statutory damages for *each* violation of BIPA. Based on the length of time Ms. Jones worked for the Defendant and the number of times her fingerprint was scanned each day, the statutory damages she is entitled to far exceed $75,000 per defendant.

12. Venue is proper because Plaintiff is a resident of this District and TCSC does business in this District and the actions alleged herein all occurred here.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. Plaintiff was employed at TCSC from 2017 until 2019.

14. At the start of her employment, Ms. Jones logged her work hours by signing a logbook at the start and end of her shifts.

15. In January 2019, the TCSC switched their system of tracking employees' work hours from logbooks to fingerprint scanners.

16. Plaintiff was uncomfortable with the new system.

17. Even though her coworkers and supervisors already used the new system, she avoided being entered into the system and vocalized her concerns.

18. Eventually, Defendant TCSC informed Plaintiff that if she did not comply with the new system, she would be disciplined.

19. Concerned that she might lose her job, Plaintiff let her fingerprint be scanned and saved for the purpose of tracking her work hours.

20. TCSC stored Plaintiff's and other employees' fingerprint data in its computer system.

21. When Plaintiff and other employees at TCSC began and ended their workdays, and when they took breaks, they were required to use a black box, type in their employee number, and press their finger into the TCSC fingerprint scanner time clock to register their arrival or departure.

22. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

23. Under the act, a fingerprint is a biometric identifier. *Id.* at § 14/10.

24. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

25. Defendant used the scanner to capture the fingerprints of its numerous employees and store them for future use.

26. Plaintiff's and Class members' fingerprints were obtained by Defendant, stored on Defendant's equipment, and later used to identify each individual.

27. Each time Plaintiff and the Class members used the time clocks, Defendant obtained their biometric information (i.e., fingerprint) and then transmitted that biometric information to an internal or external server to compare it to the biometric information they stored in their database.

28. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a). Private entities must also comply with that policy.

29. Defendant has not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data. Plaintiff was not informed of any such policy and no policy was made publicly available. Based on these facts, Defendant did not develop any policy regarding biometric information, nor could they have complied with any policy.

30. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being

4

collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

31. Plaintiff or any member of the Class were not, at any relevant time, informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to their employer.

32. Under the act, a private entity in possession of biometric information or identifiers may not disclose, redisclose, or disseminate a person's biometric identifier or information unless the person consents to the disclosure or re-disclosure. *Id.* at § 14/15(d).

33. Specifically, on information and belief, Defendant allowed other employees and third-parties access to the print database and servers and disseminated the biometric information by transmitting it both internally and externally.

34. Plaintiff and the putative class members never consented to these disclosures.

35. Lastly, a private entity in possession of biometric identifiers or information must store, transmit, and protect from disclosure all biometric identifiers and information using a reasonable standard of care and in the same way the private entity stores, transmits, and protects other sensitive information. *Id.* at § 14/15(e).

36. On information and belief, access to the fingerprint database was essentially open to large numbers of the Defendant's employees, agents, and subcontractors. Defendant did not store, transmit, or protect the fingerprint database in the same way it would do so to other sensitive information. Access to the database was possible not only on-site but also through a web-portal. Passwords to access the database were weak and/or shared and the biometric information and identifiers were not encrypted.

## CLASS ALLEGATIONS

37. Plaintiff Precious Jones brings this action on behalf of herself and the following class of similarly situated individuals:

> All persons in the United States who are or were employed by TCSC in Illinois, and whose biometric identifiers or information is or was collected, captured or otherwise obtained by the company, at any time from five years before the date of Plaintiff's original complaint to the date the class is certified.

Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

38. On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that Defendant has violated the BIPA rights of more than 50 individuals during their employment.

39. Common questions of law and fact exist and predominate over individual questions and include:

    a. Whether Defendant collected, captured, or otherwise obtained the Class's biometric identifiers;

    b. Whether Defendant informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

    c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendant;

    d. Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

    e. Whether Defendant complied with any such written policy;

  f. Whether Defendant disclosed, re-disclosed, or otherwise disseminated the biometric information and identifiers and if so whether they obtained consent to do so from each individual.

  g. Whether Defendant stored, transmitted, and protected the fingerprint database with the requisite level of care.

  h. The extent of any damages incurred by Class members as a result of Defendant's actions.

40. Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by Defendant.

41. Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

42. A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a very large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

### COUNT I – VIOLATIONS OF BIPA 740 ILCS § 14/15(a)

43. Plaintiff restates and alleges the above paragraphs, as if set forth fully herein.

44. Defendant violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

45. Defendant also violated BIPA 740 ILCS § 14/15(a) by failing to comply with any such policy.

46. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

### COUNT II– VIOLATIONS OF BIPA 740 ILCS § 14/15(b)

47. Plaintiff restate and allege the above paragraphs, as if set forth fully herein.

48. Defendant violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

49. Defendant did not make disclosures to Plaintiff or the Class members.

50. Neither Plaintiff nor the Class members executed a written release.

51. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

### COUNT III – VIOLATIONS OF BIPA 740 ILCS § 14/15(d)

52. Plaintiff restates and alleges the above paragraphs, as if set forth fully herein.

53. Defendant violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff's and the Class members' biometric information.

54. Defendant allowed other employees and third-parties access to the print database and servers and disseminated the biometric information by transmitting it both internally and externally.

55. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

### COUNT IV – VIOLATIONS OF BIPA 740 ILCS § 14/15(e)

56. Plaintiff restates and alleges the above paragraphs, as if set forth fully herein.

57. Defendant violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the print and scan database with the requisite level of care.

58. Access to the fingerprint database and the biometric information and identifiers stored therein was, on information and belief, protected only with weak and/or shared passwords and unencrypted. Access to the fingerprint database was not limited to on-site access, but could also be accomplished remotely via a web-interface.

59. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## **PRAYER FOR RELIEF**

60. Plaintiff Precious Jones, on behalf of herself and the Class, respectfully requests that the Court enter an Order:

   a. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

   b. Awarding statutory damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendant committed;

   c. Awarding Plaintiff a reasonable incentive award;

   d. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendant to destroy their biometric identifiers and information after termination of the employment relationship;

  e.  Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

  f.  Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

                Respectfully submitted:
                /s/ Michael W. Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

Michael Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
mwood@communitylawyersgroup.com
*Attorneys for Plaintiff*